UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYIESHA DAYANI PHELPS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-CV-1577-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

Myiesha Dayani Phelps ("Plaintiff") files for leave to proceed in forma pauperis on the Complaint. (Doc. No. 2.) The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a litigant files a motion to proceed in forma pauperis ("IFP Motion"). The Court finds that the Complaint sufficiently states a claim for relief, and that Plaintiff has adequately shown an inability to pay the filing fee. Thus, the Court GRANTS Plaintiff's IFP Motion.

## I.     MOTION FOR IFP

Plaintiff moves to proceed IFP under 28 U.S.C. section 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. §

1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. section 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under section 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ. L.R. 3.2.a.

Plaintiff's only sources of income is $472.00 in public assistance and $250.00 in other income, totaling $722.00 in monthly income. Her monthly expenses add up to $745.00. She also states she has not been employed within the past twelve months and has no assets. The Court finds Plaintiff has sufficiently shown an inability to pay the filing fee.

## II.    SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, 2015 WL 3630961, at *2 (D. Nev. June

2

22-CV-1577-WVG

9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the Complaint, the Court finds Plaintiff has sufficiently satisfied the minimal pleading standards above by stating points of error she assigns to the ALJ. (See Doc. No. 1 ¶ 8(a)-(c).)

### III.  CONCLUSION

The motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED: October 26, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge