**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MYIESHA P.,[1]

           Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner
of Social Security,[2]

           Defendant.

Case No.: 3:22-cv-01577-VET

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 36]**

Before the court is Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C § 406(b) ("Motion"). ECF No. 36. Plaintiff's counsel, Matthew F. Holmberg ("Counsel"), moves for attorney's fees in the amount of $36,413.50, with a credit to Plaintiff Myiesha P. ("Plaintiff") for Equal Access to Justice Act ("EAJA") fees previously paid to the Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Counsel's Firm") in the amount of $5,430.45. *Id.* at 1. Defendant Commissioner of Social Security ("Agency" or

---

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).
[2] Frank J. Bisignano, Commissioner of the Social Security Administration, is automatically substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

1

"Commissioner") filed a response ("Response"). ECF No. 37. Having considered the parties' filings, applicable law, and the record before it, and for the reasons discussed below, the Court **GRANTS** the Motion.

## I.    <u>BACKGROUND</u>

On October 13, 2022, Plaintiff filed the Complaint seeking judicial review of the Commissioner's final decision denying disability insurance benefits. ECF No. 1. Prior to the filling of the Complaint, Plaintiff and Counsel entered into a Social Security Representation Agreement ("Fee Agreement"). ECF No. 36-1. Therein, the parties agreed that Counsel's fee for successful prosecution of this action would be "25% of the past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." ECF 36-1 at ¶ 4.

On May 17, 2023, the parties jointly moved for resolution of the issues presented by Plaintiff concerning the Agency's final decision. ECF No. 17. On September 5, 2024, the Court vacated the Commissioner's final decision and remanded the matter for further proceedings consistent with the Court's opinion. ECF No. 30. On November 21, 2024, based on a joint motion, the Court awarded Plaintiff $5,430.45 in attorney's fees as authorized by EAJA. ECF No. 35. On remand, the Commissioner issued a favorable decision and found Plaintiff disabled since July 13, 2017. ECF No. 36-2 at 10. In the Notice of Award, the Commissioner awarded Plaintiff $182,387 in past-due benefits and withheld $45,596.75 of the past-due benefits for attorney's fees. ECF Nos. 36 at 7, n.2, 36-3 at 2–3. The Agency also awarded monthly benefits.[3]

---

[3]  The Notice of Award states that Plaintiff "will receive $45,596.75 each month." ECF No. 36-3 at 2. The Court suspects this figure represents a typographical error, in part because it is the same amount withheld for attorney's fees, *i.e.*, "[w]e withheld $45,596.75 from your past due benefits in case we need to pay your representative." *Id.* at 3. Further, per the ALJ's decision, the Court notes that monthly benefits were suspended as of August 2024 and remained suspended for months in which Plaintiff performed Substantial Gainful Activity. At this time, it is not clear if Plaintiff continues to perform Substantial Gainful Activity. ECF No. 36-2 at 10.

The past-due benefits amount, *i.e.*, $182,387, represents the sum of monthly benefits from May 2018 through November 2025. *See* ECF No. 36-3 at 1–2. However, as Counsel notes, this amount is inconsistent with the Agency's final decision, which concluded that "benefits [were] suspended beginning August 2024" when Plaintiff began engaging in Substantial Gainful Activity ("SGA"). ECF Nos. 36 at 7, n.2; *see also* ECF No. 36-2 at 5, 10. Accordingly, to be consistent with the ALJ's findings, Counsel re-calculated the past-due benefits amount based on monthly benefits from May 2018 through July 2024, which amounts to $145,654.00. ECF No. 36-4. Based on this recalculation, 25% of the past-due benefits amount equates to $36,413.50 in attorney's fees. *Id.*

Counsel now moves for (i) attorney's fees in the amount of $36,413.50 pursuant to 42 U.S.C. § 406(b) and (ii) an order directing Counsel's Firm to reimburse Plaintiff $5,430.45 for the EAJA fees previously awarded. ECF No. 36 at 1. Counsel's Firm expended a total of 24.46 hours, which includes 5.66 hours by two paralegals and 18.8 hours by Counsel, for an effective hourly rate of approximately $1,488.70.[4] ECF Nos. 36 at 5, 36-5. The requested fee represents exactly 25% of Plaintiff's past-due benefits (the same percentage agreed upon in the Fee Agreement). In support of his request, Counsel submits the Fee Agreement (ECF No. 36-1), the Agency's Notice of Decision and Notice of Award, dated November 25, 2025 and December 24, 2025, respectively (ECF Nos. 36-2. 36-3), Counsel's re-calculation of Plaintiff's past-due benefits amount (ECF No. 36-4), Counsel's billing statements (ECF No. 36-5), Fiscal Year 2024 Disability Decision Data (ECF No. 36-6), Counsel's resume (ECF No. 36-7), and the U.S. Consumer Law Attorney Fee Survey Report 2017-2018 (ECF No. 36-8). Counsel argues, in part, that an award of $36,413.50 is reasonable compared to the Commissioner's withholding of $45,596.75 and fee awards in other cases, and given the results achieved. ECF No. 36 at 7.

---

[4] The effective hourly rate was calculated by dividing $36,413.50 by 24.46 total hours.

3:22-cv-01577-VET

On January 27, 2026, the Commissioner responded that it "neither supports not opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but requests that the Court direct Counsel to reimburse any fees previously received under EAJA. ECF No. 37 at 3. The Commissioner notes that Counsel worked 24.46 hours representing Plaintiff in this action. *Id.* at 2. As such, per the Commissioner, attorney's fees in the amount of $36,413.50 divided by 24.46 hours of work by Counsel would result in a reimbursement rate of $1,488.70. *Id.* Plaintiff did not respond to the Motion and nothing in the record indicates that Plaintiff opposes the fee request. *See generally* ECF.

## II.    LEGAL STANDARD

Pursuant to the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . , who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In contrast to an EAJA award, which is paid by the government to the claimant, an award under Section 406(b) "allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991). Moreover, attorneys may receive fees under both EAJA and Section 406(b) but must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002); *Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

Fee determinations begin by "looking first to the contingent-fee agreement, then testing it for reasonableness." *See Gisbrecht,* 535 U.S. at 807–808 (concluding that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"); *see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). As such, the 25% statutory maximum fee is not an automatic entitlement, and "[w]ithin the 25 percent boundary . . . , the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807. In evaluating the reasonableness of an attorney's fee request, courts should consider "the character of the representation and the results the representative achieved." *Id.* at 808. As part of this evaluation, the court may "properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case," *i.e.,* the requested fees are excessively large in relation to the benefits achieved. *Crawford,* 586 F.3d at 1151 (noting there is no definitive list of factors to consider when determining whether a fee is reasonable). Further, as evidence of reasonableness, the court may require counsel to submit a record of hours spent and a statement of normal billing charges. *Id.*

## III.    <u>DISCUSSION</u>

Based on the reasonableness test articulated in *Gisbrecht* and *Crawford*, and review of the information submitted in support of the Motion, the Court finds that Counsel's request for $36,413.50 in attorney's fees is reasonable.

Beginning with the operative fee agreement, Plaintiff agreed to a fee of 25% of past-due benefits following the reversal of any unfavorable ALJ decision. ECF No. 36-1. Because the Court vacated the Commissioner's unfavorable decision and the Commissioner issued a favorable decision on remand, *see* ECF Nos. 30, 36-2, this fee provision is both applicable and within the statutory limit. *See* 42 U.S.C. § 406(b)(1)(A). Although 25% of the past-due benefits amount calculated in the Notice of Award is $45,596.75, Counsel reduced his request and seeks $36,413.50 in attorney's fees, which represents 25% of past-due benefits based on his recalculation. *See* ECF No. 36 at 5.

Turning next to the character of the representation, there is no evidence in the record of Counsel providing substandard performance. On the contrary, Counsel's Firm expended a total of 24.46 hours reviewing the ALJ decision, drafting the Complaint, communicating and corresponding with Plaintiff, researching and drafting the motion for judicial review and reply, and preparing the request for EAJA fees. *See* ECF No. 36-5. Within those 24.46 hours, Counsel engaged in successful motion practice that ultimately resulted in the reversal of the Commissioner's decision and an award of at least $145,654.00 in past-due

3:22-cv-01577-VET

benefits for Plaintiff. *See* ECF No. 36-3 at 2. This is a substantial award with significant benefits for Plaintiff.

Additionally, there is no evidence of delay or dilatory conduct by Counsel. Although the parties stipulated to a 30-day extension, the extension was to accommodate the Commissioner who needed additional time to prepare the administrative record. ECF No. 11. Thereafter, Counsel conferred with the Agency to try to resolve the case, and when settlement was not possible, the parties timely filed the Joint Motion for Judicial Review. *See* ECF Nos. 13, 15, 17. Thus, Counsel met all deadlines laid out in the scheduling order.

The Court further recognizes that a fee request for $36,413.50 based on 24.46 hours of work reflects an effective hourly rate of $1,488.70. ECF No. 36 at 8. This figure, however, is consistent with fees awarded in several cases in this District, with hourly rates ranging from $1,438 to $1,990. *See, e.g., Luzette B. v. King*, No. 23cv483-MSB, 2025 U.S. Dist. LEXIS 19011, at *7 (S.D. Cal. Feb. 3, 2025) (awarding fees representing 20.52% of plaintiff's past-due benefits for an effective hourly rate of $1,573.03 where counsel spent 7.4 hours and the paralegal spent 1.5 hours on plaintiff's case); *Habibullah A. v. Colvin*, No. 20cv1971-AGS, 2025 U.S. Dist. LEXIS 14261, at *3 (S.D. Cal. Jan. 27, 2025) (awarding fees representing 23% of plaintiff's past-due benefits for an effective hourly rate of $1,707.31 where counsel spent 20.5 hours and the paralegal spent 2.6 hours on plaintiff's case); *Watkins v. O'Malley*, No. 21cv101-BLM, 2024 U.S. Dist. LEXIS 93524, at *6–8 (S.D. Cal. May 24, 2024) (awarding fees representing 25% of plaintiff's past-due benefits for an effective hourly rate of $1,566 for a combined 20 hours spent by the attorney and paralegal on plaintiff's case); *Roland S. v. Kijakazi*, No. 20cv01068-AHG, 2023 U.S. Dist. LEXIS 189176, at *9 (S.D. Cal. Oct. 20, 2023) (awarding fees representing 15.54% of plaintiff's past-due benefits for an effective hourly rate of $1,438.35 where counsel spent 5.36 hours and the paralegal spent 3.4 hours on plaintiff's case); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 U.S. Dist. LEXIS 91736, at *5–6 (S.D. Cal. May 30, 2019) (on reconsideration, awarding fees representing 19.45% of plaintiff's past-due benefits for

3:22-cv-01577-VET

an effective hourly rate of $1,990.74 where counsel spent 18.2 hours and the paralegal spent 3.4 hours on plaintiff's case).

Moreover, the Court notes that Counsel agreed to the representation on a contingency fee basis. As such, Counsel assumed a substantial risk of not recovering any attorney's fees. *See Ayersman v. Berryhill*, No. 17-cv-1121-WQH-JMA, 2021 U.S. Dist. LEXIS 1253, at *6–7 (S.D. Cal. Jan. 5, 2021) (recognizing "there runs a substantial risk of loss" with contingency contracts). Having achieved an excellent outcome for Plaintiff, the Court will not penalize Counsel for his efficiency in this action. *Id.* at *6–7 ("Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context.").

In sum, the Court sees no basis to reduce the fee award requested. As to the EAJA fees, Counsel may not keep attorney's fees awarded under both EAJA and Section 406(b). Accordingly, Counsel's Firm shall refund the smaller fee to Plaintiff. *Gisbrecht*, 535 U.S. at 796.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion (ECF No. 36) and awards the Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney's fees in the amount of $36.413.50. The Court further **ORDERS** the Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $5,430.45 for the EAJA fees previously awarded by this Court.

**IT IS SO ORDERED**.

Dated: March 25, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

3:22-cv-01577-VET